**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ANDREW STARK**            **PLAINTIFF**

**V.**            **CIVIL ACTION NO. 3:14CV150-DAS**

**COMMISSIONER OF**
**SOCIAL SECURITY**            **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of Andrew Stark for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The parties in this case have consented to entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. After considering the issues presented, the court finds as follows:

**I. PROCEDURAL HISTORY**

On February 15, 2011, plaintiff filed for Supplemental Security Income payments under the Social Security Act. The Commissioner denied his application for benefits initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 11, 2013. On March 25, 2013, the ALJ issued a decision finding plaintiff not disabled. Plaintiff requested review of the ALJ's decision by the agency's Appeals Council, but on May 15, 2014, the Appeals Council denied plaintiff's request for review. The plaintiff then filed the present action, which is properly before this court.

## II. STATEMENT OF FACTS

At step four of the sequential evaluation process, the ALJ found plaintiff had the residual functional capacity ("RFC") to:

> Perform sedentary work as defined in 20 C.F.R. 416.967(a), except for the following limitations: no climbing of ladders, ropes, or scaffolds; occasional stooping, and only simple, routine, repetitive tasks with occasional interaction with coworkers, supervisors, and the public.

Doc. 9, p. 39. Despite this RFC, the vocational expert ("VE") testified that plaintiff could perform the following occupations: small parts assembler, bench assembler and electronics assembler.[1] Each occupation is classified as having a "light" exertional level by the Dictionary of Occupational Titles ("DOT"), and the VE stated as much at the hearing. Doc. 9, p. 101. Nevertheless, based on his "observations and experience," the VE testified that jobs in these occupations existed at the sedentary exertion level, as well. *Id.* When asked whether his testimony was consistent with the DOT, the VE answered in the affirmative, and the ALJ conducted no further inquiry into this conflict. *Id.*

In his written decision, the ALJ found plaintiff capable of making a successful adjustment to other work and, therefore, not disabled. Doc. 9, p. 44. However, the ALJ offered no explanation regarding how the conflict between the VE's testimony and the DOT descriptions was resolved. Rather, the ALJ stated:

> The vocational expert also testified that, while all three of these jobs are listed at the Light level in the Dictionary of Occupational Titles, based on his knowledge and experience as a vocational expert, they exist at the Sedentary level in the numbers cited above.

*Id.* According to the hearing transcript, though, the VE never quantified the number of jobs available at the sedentary exertion level.

---

[1] According to the VE, these occupations account for a total of 600 jobs in Mississippi. Doc. 9, p. 101.

## III. STANDARD OF REVIEW

To determine disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities…"[5] At step three, the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2] *See* 20 C.F.R. §§404.1520, 416.920 (2010).
[3] *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999).
[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[8] 20 C.F.R. §§ 404.1520(g), 416.920(g) (2010).
[9] *Muse*, 925 F.2d at 789.

*Apfel*, 197 F.3d 194, 196 (5th Cir. 1999) (citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner's,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 390, 289 L.E.2d 842 (1971)).

## III. DISCUSSION

In the present action, plaintiff argues that the ALJ's finding at step five of his sequential evaluation process is unsupported by substantial evidence. In support thereof, plaintiff makes two assignments of error. First, plaintiff submits the ALJ violated multiple provisions of S.S.R.

---

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

00-4p. Second, plaintiff submits the ALJ made an improper inference from the vocational expert's testimony regarding the number of jobs he could perform given his residual functional capacity.

### A. S.S.R. 00-4p

According to plaintiff, the ALJ violated S.S.R. 00-4p by: 1) relying on evidence from a vocational expert concerning exertion levels that conflicts with the Dictionary of Occupational Titles, 2) failing to obtain a reasonable explanation from the vocational expert for the conflict, and 3) failing to explain in his written decision how the conflict was resolved. These violations, plaintiff argues, render the Commissioner's final decision unsupported by substantial evidence.

The Fifth Circuit has stated that "a VE's erroneous classification of the exertion level…required to perform a particular job may call into question the probative value and reliability of such testimony." *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000). However, "when there is a conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided the record reflects an adequate basis for doing so." *Id*. at 146. Because this issue was being raised so frequently, the Social Security Administration ("SSA") issued a regulation (shortly after *Carey* was decided) explaining how an ALJ should treat VE testimony that conflicts with the DOT. This regulation provides in pertinent part:

> Although there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), the regulatory definitions of exertional levels are controlling. For example, if all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of "medium" work…, the adjudicator may not rely on VE testimony that the occupation is "light" work.

S.S.R. 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).

Like *Carey*, this ruling requires an ALJ to obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs and information provided in the DOT, and to explain in his/her written decision how any identified conflict has been resolved. Though an interpretative ruling like S.S.R. 00-4p is only binding on the SSA, the Fifth Circuit has frequently relied upon SSA rulings in evaluating ALJs' decisions. *See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). Moreover, an ALJ's violation of a ruling, in general, has been deemed reversible error, provided the error results in prejudice. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).

Based on the foregoing, the court agrees with plaintiff and finds the ALJ failed to comply with several provisions of S.S.R. 00-4p. First, the ALJ violated this ruling by relying on VE testimony that conflicted with the exertional levels set forth in the DOT. As noted above, the VE provided the ALJ with three jobs that plaintiff could perform at the sedentary exertion level, yet each was classified by the DOT as requiring light exertion. Although S.S.R. 00-4p allows for some conflict between information provided by the VE and the DOT, it explicitly prohibits an ALJ from relying on VE testimony that conflicts with the exertional levels listed in the DOT. In fact, S.S.R. 00-4p unambiguously states that DOT classifications of exertional levels are "controlling" when such a conflict arises. 2000 WL 1898704, at *3.

Moreover, in violation of S.S.R. 00-4p, the ALJ failed to obtain a reasonable explanation for the conflict between the VE's evidence and the information in the DOT during the hearing, and he also failed to explain how the conflict was resolved in his written decision. *Id*. at *1. The only explanation apparent from the hearing transcript is this statement from the VE: "The existence of these jobs at sedentary and entry level are based on my observations and experience, doing industrial observations, job placement (INAUDIBLE)." Doc. 9, p. 101. This does not rise

to the level of a "reasonable explanation." Explanation is defined as, "[t]he activity of expounding, interpreting, or making something intelligible; esp., the process of demonstrating by reasoning or investigation the causal or logical antecedents or conditions of some event or thing to be accounted for." EXPLANATION, Black's Law Dictionary (10th ed. 2014).

Measured by this standard, the VE's statement is nothing more than a bare assertion. This, coupled with the ALJ's failure to include any explanation for how the conflict was resolved in his written decision, violates not only S.S.R. 00-4p, but the Fifth Circuit's holding in *Carey*, as well. In light of these errors, this court has no way of determining whether substantial evidence supports the ALJ's finding at step five.

### B. Improper Inference

Next, plaintiff contends the ALJ erred by improperly inferring from the VE's testimony that a significant number of jobs existed plaintiff could perform with his limited RFC. As previously discussed, the VE proffered three representative occupations, which accounted for 600 jobs in Mississippi. Though these occupations are listed in the DOT as requiring light exertion, the VE testified that they exist at the sedentary exertion level, too. Based on this testimony, the ALJ inferred the number of jobs at the sedentary exertion level was equivalent to the number of jobs at the light exertion level, i.e., 600.[12]

The court agrees with the plaintiff and finds the VE's testimony unclear as to whether all 600 jobs under the three representative occupations, or only a portion thereof, can be performed at the sedentary exertion level. This issue was recently addressed by another district court in the Fifth Circuit. In that case, the ALJ found the plaintiff could only perform unskilled work. *Quintanilla v. Astrue*, 2013 WL 4046371, at *12 (W.D. Tex. Aug. 8, 2013). Based on this

---

[12] "The vocational expert also testified that, while all three of these jobs are listed at the Light level in the Dictionary of Occupational Titles, based on his knowledge and experience as a vocational expert, **they exist at the Sedentary level in the numbers cited above**." Doc. 9, p. 44 (emphasis added).

limitation, the VE testified that plaintiff could work as a sorter/grader, which is not a specific career but a generic category in the DOT. *Id.* However, under this category, only one unskilled position could be found in the DOT, while there were several semi-skilled positions listed. *Id.* Because the VE testified about the number of jobs in the entire category, rather than those in the single unskilled position thereunder, the court found the record failed to indicate whether the position plaintiff was capable of performing existed in significant numbers in the national economy. *Id.*

The representative occupations in this case are similar to the occupational category in *Quintanilla*. Instead of being comprised of jobs requiring different skill levels, however, the representative occupations in the case at bar are comprised of jobs requiring different levels of exertion. Yet, like the VE in *Quintanilla*, the VE apparently provided the number of jobs comprising the three representative occupations, generally, rather than providing the number of jobs that could be performed specifically at the sedentary exertion level.

Consequently, this court cannot ascertain whether jobs exist in significant numbers in the national economy that plaintiff could perform, given his RFC. Without an indication of what portion of those jobs is sedentary, it cannot be inferred that the sedentary jobs exist in significant numbers in the national economy. *See Prudhomme v. Colvin*, 2015 WL 1064377, at *4 (5th Cir. Mar. 4, 2015) (citing *Quintanilla*, 2013 WL 4046371).

### IV. CONCLUSION

The court is well aware of the law in this circuit: procedural perfection is not required in administrative proceedings, and courts should not vacate judgments unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). However, the errors discussed above are not harmless. The ALJ's decision is based on evidence explicitly

prohibited by S.S.R. 00-4p.  Furthermore, in violation of the regulation and Fifth Circuit precedent, the ALJ failed to adequately explain how the conflicting evidence regarding the exertion levels was resolved.  This, paired with the uncertainty regarding how many jobs exist that plaintiff could perform, renders the court incapable of determining whether the final decision is supported by substantial evidence.  Therefore, the case must be remanded so the Commissioner can fully develop the record to determine whether plaintiff is, in fact, disabled.

    **SO ORDERED**, this the 13th day of May, 2015.

        /s/ David A. Sanders  
        UNITED STATES MAGISTRATE JUDGE