IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREW STARK                                                                                      PLAINTIFF

V.                                                                                 CIVIL ACTION NO. 3:14CV150-DAS

COMMISSIONER OF
SOCIAL SECURITY                                                                                  DEFENDANT

## ORDER GRANTING EAJA FEES

This matter is before the court on plaintiff's motion (#23) for payment of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, plaintiff sought judicial review of the final decision of the Commissioner of Social Security, which denied his claim for benefits. By judgment, this court remanded plaintiff's case to the Commissioner for further proceedings. On the heels of that decision, plaintiff filed his petition for EAJA fees and expenses on grounds that he was the prevailing party and the Commissioner's position was not "substantially justified." His petition seeks $5,355.00 in attorney's fees, $54.05 in travel expenses and $367.50 as reimbursement for the costs of printing the transcript and serving process. In sum, plaintiff requests $5,756.55 in reimbursement. The Commissioner disputes this amount.

## LEGAL STANDARD: EAJA

"The objective of the EAJA is clear: to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009). Of course, the greatest financial disincentive to prospective litigants is the cost of hiring counsel. Compounding this problem, Social Security claimants are primarily indigent, and the law

governing their claims is highly technical and requires significant expertise.[1]  The EAJA alleviates these deterrents with a fee-shifting mechanism, which helps attorneys represent these litigants by compensating them when they are successful.[2]

To be entitled to an EAJA award: 1) the claimant must be a "prevailing party;" 2) the claimant must "incur" attorney's fees; 3) the government's position must not have been "substantially justified;" and 4) "special circumstances" cannot render an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A).  If these requisites are satisfied, "a court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…, including proceedings for judicial review of agency action…" 28 U.S.C. § 2412(d)(1)(A).  The EAJA also permits courts to compensate prevailing claimants for certain costs.  *Id*. at § 2412(a)(1) (incorporating those costs enumerated in 28 U.S.C. § 1920).

Because the EAJA amounts to a partial waiver of sovereign immunity by the United States, courts strictly construe the statute in favor of the government.  *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011).  Nevertheless, courts in the Fifth Circuit must take policy into account when interpreting the EAJA.  *Id*.

## DISCUSSION

Whether plaintiff is entitled to an EAJA award is not in dispute; the Commissioner only disputes the amount to which plaintiff is entitled.  The Commissioner contests the following portions of plaintiff's EAJA petition: (1) the amount billed for his counsel's travel time; (2) the

---

[1] *Sta-Home Home Health Agency, Inc. v. Shalala*, 34 F.3d 305, 309 (5th Cir. 1994).
[2] *See United States v. Claro*, 579 F.3d 452, 465 (5th Cir. 2009) (extending EAJA awards to legal services groups to ensure they have a strong incentive to represent indigent claimants)*; Meyler v. Comm'r of Soc. Sec.*, 2008 WL 2704831, at *4 (D.N.J. July 7, 2008); *Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (stating that a primary reason for enacting the EAJA was to incentivize attorneys to represent indigent claimants in Social Security cases).

2

amount billed in relation to his motion for extension of time; and (3) the reimbursement sought for copying the transcript and serving process. Each will be addressed separately below.

## A. Counsel's Travel Time

Plaintiff seeks compensation for the three hours counsel spent travelling to, and participating in, oral argument. Using the full hourly rate of $175.00, plaintiff calculated this portion of the award to be $525.00 The Commissioner objects to compensating counsel's travel time at the full hourly rate and would have this court apply a reduced rate: 50% of the full hourly rate. Since plaintiff commingled the time counsel spent travelling with the time he spent in oral argument, the Commissioner requests that the reduced rate be applied to the entire three-hour block. In other words, the Commissioner seeks to reduce plaintiff's award by $262.50.

In support of her position, the Commissioner has cited precedent from this circuit where courts have compensated travel time at a lower hourly rate, [3] but she has failed to cite any authority requiring this court to follow suit. As discussed above, the EAJA was intended to attract private counsel to represent meritorious claimants who would not be able to afford representation, otherwise. This case demonstrates its utility in that respect; plaintiff's counsel successfully prosecuted this case in a manner that was both diligent and efficient. Yet, unlike experienced attorneys in other complex areas of the law, plaintiff's counsel is limited by statute to a relatively low fee. *See* 28 U.S.C. § 2412(d)(2)(A). It is also common practice for attorneys in other fields to bill a full hourly rate for travel time. The court declines to further reduce the incentive for social security work by reducing compensation that is already below the market rate for similar services. Therefore, the court finds plaintiff's request of $525.00 is reasonable and should be granted.

---

[3] *See Jimenez v. Paw-Paw's Camper City*, 2002 WL 257691, *23 (E.D. La. Feb. 22, 2002) (stating that courts in this circuit typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time).

### B. Motion for Extension of Time

Plaintiff also seeks $52.50 for 0.3 hours counsel spent drafting one motion for an extension of time and for reviewing the court's order granting such. The Commissioner objects to this request and argues that it would reward plaintiff's counsel for not submitting timely pleadings. However, this argument is unavailing and undermines the policy aims of the EAJA.

Motions for extensions of time are regularly requested and granted in Social Security cases. Here, plaintiff's counsel requested only one extension, to which the government voiced no objection. In that motion, plaintiff's counsel stated that he could not meet the deadline because several other social security hearings kept him out of the office. Because plaintiff's counsel did not excessively or frivolously seek extensions, this court finds that the time spent in relation to the motion was reasonable and should be compensated. [4]

### C. Copying and Service of Process

The last issue concerns plaintiff's § 2412(a)(1) request of $367.50 for the costs associated with copying the transcript and serving process. The Commissioner objects on two grounds: (1) copying the electronic transcript was not a necessary task, and therefore, non-compensable under the EAJA; and (2) because plaintiff proceeded *in forma pauperis*, he incurred no cost for service of process. Consequently, the Commissioner would have this court reduce plaintiff's award by $367.50.

At the outset, the court finds any costs attributed to the Marshals serving process are not compensable under the EAJA. "[A] judgment for costs…shall…be limited to reimbursing in whole or in part the prevailing party for *the costs incurred* by such party in the litigation."

---

[4] *See Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008) ("Absent evidence that the extensions were excessive or frivolous, this Court finds that the time spent on the extensions was reasonable and should be compensated"); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 779 (E.D. Wis. 2004) ("Extensions of time are regularly requested and granted in social security cases in this district…").

4

§ 2412(a)(1) (emphasis added). Plaintiff proceeded *in forma pauperis* in this case (#4), and therefore, did not incur any costs for service of process.

The Commissioner's argument regarding the costs of copying the electronic transcript, on the other hand, falls flat. Contrary to the Commissioner's assertion that printouts are unnecessary, this court has yet to conduct a Social Security hearing wherein the government attorneys did not rely on full computer printouts of the electronic transcript during oral argument. And notwithstanding its necessity, "the costs of general copying" are among those compensable under § 2412(a)(1). *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 556 & n. 17 (5th Cir. 1987). Nevertheless, the court is also cognizant of the cost-savings that electronic filing was intended to achieve.[5] Therefore, the court finds that plaintiff is entitled to reimbursement for copying the electronic transcript, albeit at a rate more reasonable than that listed in his petition.

Plaintiff's counsel explained the petition's request of $367.50 as having two elements. The first, and most obvious, is the cost of materials, i.e., the paper and toner consumed in printing over five-hundred pages. The second, and least obvious, is the cost of manpower. Plaintiff's counsel states that he cannot print Social Security transcripts during normal business hours because they are large documents, and each transcript takes an inordinate amount of time to complete. If they were printed during business hours, his printers would be relegated solely to that task. As a consequence, Social Security transcripts are only printed after the close of business, which requires him to keep staff afterhours to man the machines.

After balancing the policy aims of the EAJA with the government's interest using technology to reduce its administration costs, this court finds plaintiff can only recover the costs of the materials consumed under § 2412(a)(1). If allowed to recover the full amount requested,

---

[5] *See, e.g.,* 234 FRD 574, 583 (April 12, 2006) (Committee on Court Administration and Case Management concluded that mandatory electronic case filing would achieve significant cost savings for the federal courts).

the government would be forced to pay an unconscionable rate of $0.63 per page.[6] However, had plaintiff outsourced printing, the cost per page would have been dramatically lower: $0.08.[7] Therefore, the court finds that his request of $367.50 shall be reduced to reflect the prevailing market rate: $46.48.

## CONCLUSION

Accordingly, plaintiff's motion for EAJA fees and expenses is hereby granted. However, plaintiff's request of $367.50 for copying the electronic transcript will be reduced by $321.02. Therefore, plaintiff is entitled to $5,355.00 in attorney's fees, $54.05 in travel expenses and $46.48 for the cost of copying the electronic transcript. This award is to be paid to plaintiff for the benefit of his attorney, Joe Morgan Wilson.

**SO ORDERED** this, the 17th of June, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[6] $367.50 (petition's request) / 581 (transcript page length)= $0.63
[7] For 581 pages, Office Depot quoted a price of $46.48. By outsourcing this print job to a third party, plaintiff could have saved $0.55 per page. *See* http://www.officedepot.com/configurator/pod/#/product/copiesAndFlyers (accessed on June 15, 2015).